IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CR-183-BO-2
NO. 5:15-CV-315-BO

| | |
|---|---|
| KEVIN EUGENE BRIDGERS,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | ORDER |

    This matter is before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, petitioner has responded, and the matter is ripe for ruling. For the reasons discussed below, petitioner's motion is denied [DE 140], and the government's motion [DE 147] is granted.

## BACKGROUND

    Pursuant to a written plea agreement, petitioner Kevin Bridgers pled guilty on September 5, 2013, to one count of conspiracy to distribute and possession with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [DE 50]. On February 4, 2014, Bridgers was sentenced to 240 months with credit for time served followed by seven years of supervised release. [DE 77]. Petitioner entered an untimely notice of appeal. [DE 100]. The appeal was dismissed. [DE 118]. Petitioner's motion for certiorari was denied. *Bridgers v. United States*, 135 S.Ct. 1191 (2015).

    On July 14, 2015, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. [DE 140]. In it, he alleged the following claims: (1) he was improperly given a penalty enhancement because the heroin he allegedly sold was not the "but for" cause of an individual's death; (2)

insufficient proof of possession with intent to distribute; (3) the presentence investigation report (PSR) contained erroneous information that resulted in a higher sentence; and (4) ineffective assistance of counsel for an incomplete investigation and "misleading" the client. [DE 143-1]. In response, the government filed a motion to dismiss. [DE 152].

DISCUSSION

I. Timeliness

A petitioner has one year from the date the judgment of conviction becomes final to file a petition pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f)(1). Here, since petitioner did not make timely notice of appeal, his conviction became final—and the one-year clock began running—fourteen days after the entry of judgment, which occurred on February 4, 2014. [DE 77]. *See* Fed. R. App. P. 4(b); DE 117 ("Bridgers failed to file a timely notice of appeal or to obtain an extension of the appeal period . . . ."). The instant § 2255 petition was not filed until July 2015 and included no facts supporting equitable tolling of the limitations period. [DE 140]. Accordingly, the petition fails as untimely.

II. Petitioner's Substantive Claims

Petitioner's claims also fail on their merits. A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the

2

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc., v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000).

Petitioner's first claim is that heroin he allegedly sold was not the but-for cause of the death of an individual named Amy Tonney. This claim cannot stand, however, because it is barred by the appellate waiver in petitioner's guilty plea. [DE 50; "The Defendant agrees . . . to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct . . . ."]. The language of the waiver is clear, and petitioner has included no facts proving that he did not understand the waiver when he entered the plea. Therefore, this claim fails.

Petitioner's second claim is that he is innocent of the charges against him. In this claim, however, petitioner contradicts his own sworn statements. By pleading guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, petitioner admitted to that conduct. [DE 50]. He cannot now, in the absence of extraordinary circumstances, effectively contradict his prior statements. *See U.S. v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . . Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." (internal quotation marks omitted) (internal citations omitted)). Accordingly, petitioner's second claim also fails.

3

Petitioner's third claim, like his first, fails because of the appellate waiver. Petitioner claims that the PSR contained erroneous information which led to a higher sentence. However, this claim cannot stand because it is barred by the appellate waiver in petitioner's guilty plea. [DE 50; "The Defendant agrees...to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct . . . ."]. The language of the waiver is clear, and petitioner has included no facts proving that he did not understand the waiver when he entered the plea. Therefore, this claim also fails.

Petitioner's fourth claim is that he received ineffective assistance of counsel. This claim is not barred by petitioner's appellate waiver. [DE 50]. To prevail, petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness," and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90).

In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. To demonstrate prejudice when challenging a guilty plea, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To demonstrate prejudice in the context of sentencing, petitioner must demonstrate a reasonable probability that

4

"his sentence would have been more lenient" but for counsel's alleged errors. *Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999).

Petitioner has alleged ineffective assistance of counsel for several reasons, including several concerning his guilty plea. Petitioner alleges counsel was ineffective in advising him about the guilty plea, failing to fully analyze the pertinent statutes and allowing petitioner to be convicted on false information. These claims do not rise to the level of ineffective assistance. First, petitioner stated under oath at his arraignment that he had read and understood the terms of his plea. [DE 112, p. 5–6]. Second, petitioner has not claimed he would not have pled guilty but for counsel's alleged errors. *See Hill*, 474 U.S. at 59.

Petitioner also alleges counsel was ineffective at the sentencing phase. Petitioner claims counsel should have challenged the death enhancement, drug quantity, and firearm enhancement used in calculating petitioner's guideline range. These claims do not rise to the level of ineffective assistance of counsel. Especially in light of the government's motion for downward departure, counsel's decision as to what challenges to the guideline sentence to bring can easily be seen as strategic. *See Strickland*, 466 U.S. at 690 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (internal quotation marks omitted)). The fact that the Court ultimately imposed a sentence below even the government's recommended range underscores this strategic decision and undermines petitioner's claim that this was ineffective assistance.

Finally, petitioner also challenges counsel's "acceptance" of his criminal record. However, petitioner pleads no facts indicating why the criminal record was inaccurate or unreliable. Therefore, the Court does not find that counsel was ineffective for not challenging it.

5

Case 5:13-cr-00183-BO Document 161 Filed 02/03/16 Page 5 of 6

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For all of the above reasons, petitioner's motion to vacate under 28 U.S.C. §2255 [DE 140] is DENIED, and respondent's motion to dismiss [DE 147] is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this ___ day of February, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE